UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
AVI MIEROV
on behalf of himself and
all other similarly situated consumers

       Plaintiff,

  -against-


FORSTER & GARBUS LLP

      Defendant.

---------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Avi Mierov seeks redress for the illegal practices of Forster & Garbus LLP concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Commack, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Avi Mierov*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about June 23, 2016, Defendant Forster & Garbus sent the Plaintiff a collection letter seeking to collect on a defaulted *County Bank, N.A.* account ending in: 2859.

11. Subsequently, on September 22, 2016, the Defendant sent the Plaintiff a copy of a formal complaint that had been filed against him in the Supreme Court of the State of New York, County of Kings.

12. The complaint against Avi Mierov stated that he was in default on his *County Bank, N.A.* account, and that a demand for payment was being made from him.

13. The complaint dated September 22, 2016 further stated: "PLAINTIFF DEMANDS JUDGMENT AGAINST DEFENDANT(S) FOR THE SUM OF [$] 28,398.19 WITH INTEREST THEREON FROM THE 19 DAY OF NOVEMBER, 2015 TOGETHER WITH THE DISBURSEMENTS OF THIS ACTION."

14. The balance on the said account was not static, and interest was accruing.

15. Plaintiff was seeking interest from the 19th day of November, 2015.

16. The said June 23, 2016 letter was therefore deceptive and misleading as it failed to disclose that the "BALANCE DUE" may increase due to interest and fees.

17. The Plaintiff was left uncertain as to whether the balance due was accruing interest as there was no disclosure in the June 23, 2016 letter that indicated otherwise.

18. A reasonable consumer could read the said June 23, 2016 letter and be misled into believing that he could pay his debt in full by paying the amount listed.

19. Plaintiff believed from reading the June 23, 2016 letter that the "current balance" was "static" and that payment of that amount would satisfy the debt irrespective of when the payment was made.

20. In fact, however, since interest was accruing daily, and since there were undisclosed fees, costs and disbursements a consumer who pays the balance stated in the June 23, 2016 letter will not know whether the debt has been paid in full. In fact, in this case, the debt collector did seek the interest and fees that accumulated after the June 23, 2016 letter was sent but before the balance was paid. Defendant, by sending such a collection letter, without notifying the consumer that the amount is already increasing due to accruing interest or other charges, would mislead an unsophisticated consumer into believing that payment of the amount stated will clear his account.

21. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

22. Collection letters that state only the balance due but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section

1692e.

23. The Plaintiff and the least sophisticated consumer would be led to believe that the balance due in the June 23, 2016 letter is static and that his payment of the amount due would satisfy the debt irrespective of when payment was remitted.

24. In fact, however, interest was accruing daily and the Defendant has tried to collect this interest from the Plaintiff.

25. A consumer who pays the balance due stated in the June 23, 2016 letter, will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

26. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

27. A debt collector, when notifying a consumer of his account balance, must disclose that the balance may increase due to interest and fees.

28. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29. Defendant is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt

to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

30. Plaintiff disputed the alleged *County Bank, N.A.* account ending in: 2859, directly with the Defendant with a dispute letter on July 5, 2016.

31. The Plaintiff further requested verification of the said debt.

32. The Defendant nevertheless failed to validate the Plaintiff's dispute, continued to collect on the said debt and even went as far as to file a lawsuit against the Plaintiff, as mentioned above.

33. Section 1692g(b) of the FDCPA states that if the consumer notifies the debt collection in writing within thirty (30) days after receipt of an initial communication from a debt collection that the debt is disputed, the debt collector must cease collection of the debt until the debt collector obtains varication and provides a copy of such verification to the consumer.

34. The Plaintiff did in fact dispute the validity of the debt, but the Defendant continued to attempt collection without ever obtaining and providing verification of the debt.

35. The Defendant failed to cease communications to the Plaintiff regarding the alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c).

36. The Second Circuit has stated that once a debt has been disputed, a debt collector cannot communicate with anyone about that debt without disclosing the disputed nature of the debt. 15 U.S.C. § 1692e(8).

37. Since it was communicating with others about the debt, when communicating with the court about plaintiffs alleged debt defendant was required in accordance with § 1692e(8) to include the fact that the debt was disputed.

38. When filing the above mentioned complaint against Avi Mierov in Kings County court,

the Defendant further failed to communicate in the complaint that the debt was disputed, in violation of 15 U.S.C. § 1692e(8). See. <u>Hooks v. Forman, Holt, Eliades & Ravin, LLC</u>, 717 F.3d 282, 285-86 (2d Cir. 2013). ("[O]nce a debt has been disputed, a debt collector cannot communicate the debtor[s] information to others without disclosing the dispute. 15 U.S.C. § 1692e(8)... <u>Such debtor consumers would also undoubtedly benefit from having the fact of the dispute reported **whenever the debt collector communicates with others about the debt, in accordance with § 1692e(8)**</u>")

39. As a result of Defendant's deceptive, misleading and unfair debt collection practices, the Plaintiff has suffered actual damages.

40. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(c), 1692d, 1692e(2), 1692e(5), 1692e(8), 1692f, and 1692g(b).

41. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

42. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

43. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

44. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

45. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

46. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection

efforts.

47. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

48. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

49. As an actual and proximate result of the acts and omissions of Forster & Garbus LLP, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

50. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty nine (49) as if set forth fully in this cause of action.

51. This cause of action is brought on behalf of Plaintiff and the members of two classes.

52. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and (a) who were sent a collection letter in substantially the same form as the one sent to the Plaintiff on or about June 23, 2016; and (b) the Plaintiff asserts that the Defendant's collection letter violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

53. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and (a) who sent a letter to the Defendant disputing the debt and seeking verification thereof, within one year prior to the date of the within complaint up to the date of the filing of the complaint; (b) the Defendant ignored the dispute letter and continued to collect on the debt; and (c) when filing a lawsuit against the debtor in court, the Defendant failed to mark the disputed debt as disputed; and (d) the Defendant was in violation of 15 U.S.C. §§ 1692c(c), 1692d, 1692e(2), 1692e(5), 1692e(8), 1692f, and 1692g(b).

54. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

  D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

  E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

55. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

56. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

57. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

58. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

59. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
January 16, 2017

      /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

      /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

**FORSTER & GARBUS LLP**
*A NEW YORK LAW FIRM*

60 Motor Parkway
Commack, NY 11725-0193

RONALD FORSTER - Adm. in NY Only
MARK A. GARBUS - Adm. in NY Only
EDWARD J. DAMSKY - Adm. in NY Only
JOEL D. LEIDERMAN - Adm. in NY Only
ANNETTE T. ALTMAN - Adm. in NY Only
MICHAEL C. DIGIARO - Adm. in NY & NJ
MICHAEL J. FLORIO - Adm. in NY Only
AMY GAVLIK - Adm. in NY Only
TESS E. GUNTHER - Adm. in NY & CT
KEVIN M. KNAB - Adm. in NY Only
VALERIE E. WATTS - Adm. in NY Only

**PERSONAL & CONFIDENTIAL**

June 23, 2016

AVI MIEROV
10920 71ST RD
APT 5B
FOREST HILLS NY 11375-4801

BALANCE DUE as of June 23, 2016 ▸ $28,398.19
Reference Number ▸ [        ]127
Account Number ▸ [        ]9
Re ▸ Creditor to Whom Debt is Owed: LVNV FUNDING LLC
ORIGINAL CREDITOR: COUNTY BANK, N.A.

1-631-393-9400
1-800-245-9943
Representative Name: NY NEW WORK HOLDING
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST
Our Client's NYC DCA License# 1326179
Default date: 11/19/2015

Your above mentioned account has been placed with our office for collection. This bill has been outstanding for quite some time. If your economic condition is preventing you from paying this debt in full, we can help by offering you a substantial savings to settle this account forever. You can choose from the following plans;

One payment of $17,038.91, a savings of 40% which we shall expect by July 26, 2016.
Two monthly payments of $9,229.41, a savings of 35% which we shall expect by July 26, 2016 and August 26, 2016.
Three monthly payments of $6,626.24, a savings of 30% which we shall expect by July 26, 2016, August 26, 2016, and September 26, 2016.

Please note that we are not obligated to repeat this offer.

If you are unable to take advantage of the above settlement opportunities, please contact this office so we may arrange a payment plan on the account. If you do not wish to take advantage of this offer, we will consider that to be a rejection of this savings opportunity. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. At this time, no determination has been m as to whether a lawsuit will be commenced.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attemptin to collect this debt.

Please mail all correspondence and payments to the address listed below.

| | |
|---|---|
| Total Amount of the debt due as of charge-off. | $28,398.19 |
| Total amount of interest accrued since charge-off. | $0.00 |
| Total amount of non-interest charges or fees accrued since charge-off. | $0.00 |
| Total amount of payments made on the debt since the charge-off. | $0.00 |

**SEE IMPORTANT NOTICE ENCLOSED**
Office Location: 60 Motor Parkway • Commack, NY 11725-5710

▲ DETACH HERE ▲

MAKE CHECK PAYABLE TO: **FORSTER & GARBUS LLP as attorneys** AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, Commack, NY 11725-9030 IN ENCLOSED ENVELOPE

AVI MIEROV
10920 71ST RD
APT 5B
FOREST HILLS NY 11375-4801

BALANCE DUE as of June 23, 2016 ▸ $28,398.19
Reference Number ▸ [        ]127
Re ▸ LVNV FUNDING LLC
ORIGINAL CREDITOR: COUNTY BANK, N.A.
Rep. Code ▸ ☐
Date ▸ June 23, 2016

→ Please Note Current       BEST TIME TO CALL

Home Phone # _____

Work Phone # _____

Cell Phone # _____

[        ]127

Forster & Garbus LLP
PO Box 9030
Commack, NY 11725-9030

SUPREME COURT OF THE STATE OF NEW YORK  
COUNTY OF QUEENS                                          FORMAL COMPLAINT
-------------------------------------------------
LVNV FUNDING LLC

                            PLAINTIFF,

    - AGAINST -

AVI MIEROV

                            DEFENDANT(S).
-------------------------------------------------

    PLAINTIFF, BY ITS ATTORNEY(S), COMPLAINING OF THE DEFENDANT(S), UPON INFORMATION AND BELIEF, ALLEGES:

1. THAT THE DEFENDANT(S) RESIDES IN THE COUNTY IN WHICH THIS ACTION IS BROUGHT; OR THAT THE DEFENDANT(S) TRANSACTED BUSINESS WITHIN THE COUNTY IN WHICH THIS ACTION IS BROUGHT IN PERSON OR THROUGH HIS AGENT AND THAT THE INSTANT CAUSE OF ACTION AROSE OUT OF SAID TRANSACTION

2. ON INFORMATION AND BELIEF THE DEFENDANT IN PERSON OR THROUGH AN AGENT TOOK MONEY ADVANCES UNDER A LINE OF CREDIT ACCOUNT OR PROMISSORY NOTE OR LOAN. PLAINTIFF PURCHASED THIS ACCOUNT FOR VALUE; NOTIFIED THE DEFENDANT; AND IS AUTHORIZED TO PROCEED WITH THIS ACTION.

3. THERE REMAINS AN AGREED BALANCE ON SAID ACCOUNT OF $ 28,398.19 , DUE AND OWING, NO PART OF SAID SUM HAS BEEN PAID ALTHOUGH DULY DEMANDED.

4. DEFENDANT(S) IS IN DEFAULT AND DEMAND FOR PAYMENT HAS BEEN MADE.

5. PLAINTIFF, AS OWNER, IS AUTHORIZED TO PROCEED WITH THIS ACTION.
CHAIN OF TITLE:
LVNV Funding LLC who purchased this account from Sherman Originator LLC on 03/29/2016 who purchased this account from Sherman Originator III LLC on 03/29/2016 who purchased this account from Marketplace Loan Grantor Trust, Series 2015-CB1 on 03/29/2016 who purchased this account from COUNTY BANK, N.A. on 03/29/2016.
PLAINTIFF IS LICENSED BY THE NYC DEPARTMENT OF CONSUMER AFFAIRS
LICENSE NUMBER 1326179

DEFAULT DATE 11/19/2015. ORIGINAL CREDITOR: COUNTY BANK, N.A.
ORIGINAL ACCOUNT NUMBER ENDING IN: 2859
ON INFORMATION AND BELIEF THE CAUSES OF ACTION ASSERTED THEREIN ARE NOT OUTSIDE OF THE APPLICABLE STATUTE OF LIMITATIONS FOR ENFORCING THE DEBT.

THERE IS NOW DUE PLAINTIFF FROM DEFENDANT(S) THE AMOUNT SET FORTH IN THE COMPLAINT, NO PART OF WHICH HAS BEEN PAID, ALTHOUGH DULY DEMANDED.

WHEREFORE, PLAINTIFF DEMANDS JUDGMENT AGAINST DEFENDANT(S) FOR THE SUM OF 28,398.19 WITH INTEREST THEREON FROM THE 19 DAY OF NOVEMBER , 2015, TOGETHER WITH THE DISBURSEMENTS OF THIS ACTION

WE ARE DEBT COLLECTORS; ANY        FORSTER & GARBUS LLP
INFORMATION OBTAINED WILL BE USED   ATTORNEY(S) FOR PLAINTIFF
IN ATTEMPTING TO COLLECT THIS DEBT.  60 MOTOR PARKWAY
                                              COMMACK, NY 11725

DATED: THE 22 DAY OF SEPTEMBER, 2016
                                           VALERIE E. WATTS  JOEL D. LEIDERMAN  KEVIN M. KNAB

PURSUANT TO PART 130-1.1-a OF THE RULES OF THE
CHIEF ADMINISTRATOR THIS SIGNATURE APPLIES
TO THE ATTACHED SUMMONS AND COMPLAINT

127